(Reap. Dec. 8547)

LIEBERMANN WAELCHLI & CO. N. Y., INC. *v.* UNITED STATES

Entry Nos. 98267; 869095.

(Decided February 21, 1956)

*Siegel, Mandell & Davidson* for the plaintiff.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeals to Reappraisement enumerated above at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for exportation to the United States including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the entered unit values less the additions made under duress.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for the merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement enumerated above may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the entered unit values, less the additions made under duress.

Judgment will be entered accordingly.